I'm going to make a presentation. Please step up to the podium. State your name and the party you represent. Hi. James Jacobs, Public Defender's Office for Petitioner Appellant Vincent Kaye. Good morning, Your Honors. Assistant State's Attorney Alan Spellberg representing the people of the state of Illinois. General, we've allotted 30 minutes for this case. That time is to be divided equally between the parties. The appellant may reserve five minutes or so for rebuttal if you so choose. I would like to do so. All right. OK, before you move, we'll have a little discussion here. The first discussion is, do you, Mr. Public Defender, know what Rule 343A is? I do, Your Honor, and I apologize both to this court and to Assistant State's Attorney Spellberg for the late filing of the reply. Well, you understand that this has brought it to the attention of the appellate court that maybe we're too lenient in standard filings, meaning your act two months late and then filing a document is not professional. It's a total abuse. And it's an insult to the State's Attorney's Office. It then has to play catch-up ball to try to be prepared. So you saw the document that was filed, giving them time if they feel that in any way they've been abused in any form by your action. I mean, seven days before an oral is a little abusive. And if it happens again before several of the appellate court judges, the reply will not be accepted. And one humor of this whole thing is the reply itself gave me nothing new except the fact that the guy's out on electric monitoring. That was the only new fact that I briefed. So I would just say to you, you kind of wasted your time. Well, I apologize to this court, and Your Honor is correct. And I'm very sorry for the delay in the filing. All right, and I don't know, I guess I'll hear from you if a response is filed. Having read the reply brief, we will not be filing a certain reply. Well, that was my conclusion. Thank you, Your Honor. Let's proceed with the merits. Mr. Jacobs, you may proceed. Yes, Your Honor. May it please the court. My name is James Jacobs, Public Defender's Office. Adults in Illinois who are in prison based upon criminal findings of guilt have one well-recognized procedural method to redress deprivations of constitutional rights that occurred in the underlying proceedings. They can file a post-conviction petition. But juveniles in this situation cannot and exist in a judicial no-man's land. Now, this state of affairs might have been acceptable in the 1970s. You're saying that a 1401 is unacceptable? In light of Lawton. It's an unacceptable alternative, Your Honor. Even though in Lawton and in the history in checking with the state's attorney's office and the public defender's office, it is common belief, number one, that a PC merely extends. And it's not till second stage that an individual gets an opportunity to have representation in the PC, unless it's his own private. So number one, the question to you is if, and this is the normal course of time in events, I file a 1401 and I base it on Lawton, and I don't do what the judge did in this case, who backhandedly says, oh, I hope it's changed on appeal. But in reality, if he had granted a 1401, it would have had to have been dealt with. And in light of Lawton, he could have brought the case along. But that didn't happen. So to carry this one step further, if you have a PC, then it goes back to the state's attorney and the public defender, assuming the public defender is representing. And now this is several months after. Now you're looking for the public defender that's probably long gone into private practice or elsewhere. And the state's attorney that's been transferred to another division. And the judge is probably retired. So that means you now have stalled this out for anywhere from six months to a year before the individual gets a hearing. Whereas under a 1401 and under Lawton, he would get an immediate hearing. So you understand my posture. There's a lot there. Now you can argue what you want. But I want you to know what I think. And I think the way the Supreme Court has not had an opportunity to address this. And if it's put forth full on a 1401, I think they would open the door to them over a PC. And I understand that you guys have a, how do I put it, directive that you will do PCs because of a former lawsuit. But I wish you guys would be more directed to do direct cases rather than PCs. Well, that you may proceed. There's a lot there, Your Honor. First of all, with respect to 21401 and juvenile proceedings, 21401s are allowed in juvenile proceedings under Section 232 of the Juvenile Cortec. And that gives a juvenile one year to file a 21401. And with respect to that one year time frame, if Vincent had tried to file a 21401, he would have been too late. He was sentenced, which was the date that his conviction became final for purposes of 21401, on June 4 of 2008. The appeal was denied. Our meaning of the decision from this court affirming his conviction was on August 27, 2009. The PLA was denied March 24, 2010. So he would have had until June 4 of 2009 to file a 21401. We think, unless it's an attempt to see if, in light of Lawton, they would change the position as to the timing of that. Well, so at the time, if your question is he should have done this initially based upon Lawton, he couldn't have based upon the time. So he properly tried to file a PC. Also, the issue which gave rise to the claim, which was ineffective assistance of appellate counsel, that didn't manifest itself until the PLA was denied. Which I agree, there is an area there which is hard to address. And the only time, the only excuse for late filing of a 21401 is the person is under duress or legal disability. That wouldn't apply. Or that the grounds for relief were fraudulently concealed. That wouldn't apply. That's 21401C. So Vincent would have been out of the box on that. Getting back to why, or Lawton and its applicability to solve this juvenile collateral remedy conundrum. You're saying it's a door that hasn't been exhausted. Well. Because it looks as though, and I think in reality, the only one that's going to answer this question is the Supreme Court. But I'm saying you have to give them doors to address. And I'm saying I don't think the PC alone is going to do it, because the next step is they'll say you don't get a jury. Therefore, until you change the definition statutorily, we can't go there. Well, getting back to Lawton and its search of a remedy for that particular situation, that was a sexually dangerous persons act. That was a purely civil act. There was no criminal wrongdoing, no punishment involved in Lawton. And in Lawton, the Supreme Court was faced with a specific Illinois Supreme Court case on point that said the PC Act could not apply. So I have a case before me now where the guy got 10 years. And it's originated as a PC, but there's no remedy. But there has to be a remedy. There has to be a remedy under Article 1, Section 12 of the Illinois Constitution. And the state has recognized in its response brief that there has to be a remedy, and they're positing this 214.01. So there has to be a remedy. But with respect to 214.01 in juvenile petitions or juvenile post-conviction, juvenile proceedings, the reason why 214.01 was brought up was it was specifically addressed in William M. from 2003 that 214.01 doesn't apply to juvenile proceedings. That's 2003. Lawton has decided in 2004. And the reason why it's brought up in William M. in 2003 is because the state made the exact same argument they're making now. All right, so what are you asking us to do? I am asking you to look at the broad purposes of the Post-Conviction Act, consider the fact that juvenile proceedings have markedly changed. We're doing all that. Since 1999, you have to have a remedy. The Post-Conviction Act is the more appropriate remedy. So what do you want us to do? I want you to Rewrite it like the Supreme Court did in the war? I don't think you, well, that is what they did. And that actually That's what they did. That gives you They get to do that. They do get to do that. But that gives you an idea of how strict statutory construction You might be a passenger here to a higher plane. Right, but I don't think you need to rewrite the Post-Conviction Act. I think you just need to Well, we're not a legislature, so we can't amend it. Well, you wouldn't be amending it. You would just be, it does, there's nothing in the Juvenile Court Act or the Post-Conviction Act, which specifically says that one shouldn't apply to the other. And that observation was made in AWH. But 2011 Taylor says otherwise. And it doesn't support either the state or you because it says, until the statutory language of a conviction is changed, PCs will not be fair game. Well, but I believe that if you can use the language of war and peer, which are the seminal But those are all cases. We're talking 2011 and we're talking, that seems to be, that and Lawton seem to be much more recent than any cases you cited. Well, the case that I cited in the reply brief actually had to do with the fact that no other court  with respect to Lawton and it answering this conundrum of the relief for juveniles in PC cases as the state is arguing that it did. The state is arguing that Lawton overruled William M. Because William M. specifically says no to 1401s for. So again, Judge Levin says, what can we as an appellate court do when only the Supreme Court can give you the home run you're seeking? Well, I think that you could, consistent with the broader purposes of the Post-Conviction Act and finding that they're not inconsistent, I think you could find that the conditions have changed such that the Post-Conviction Act should apply to juveniles. And it makes more sense for them to apply to juveniles too. And this gets back to some of your other questions, Justice Fitzgerald-Smith, regarding why the PC Act is a better option than 21401. You mentioned the stages. 21401 only has two stages. You've got the initial pleading that's filed and then the court reviews that and the state can have input there too in the trial court. State can have input there, that doesn't happen on stage one of a post-conviction proceeding. So the state has input and then the judge decides is there enough here to have this go forward to the second stage of the 21401, which is the third stage of a post-conviction. So what's missing in that paradigm? Stage two of the Post-Conviction Act. And what is stage two of the Post-Conviction Act? Stage two is the most important one and would be particularly important for juveniles because that's where counsel has to consult with the petitioner, read the record, conduct additional investigations and flesh out the claims that are being raised by the petitioner and present those in a coherent and complete form to the court for them to review. That is missing from 21401 and that's its biggest problem. There's no right to discovery in a 21401. There is under the second stage of the PC Act and it doesn't make any sense to place juveniles in a worse position than adults, especially in light of the equal protection like a statute of 5103.3, 5101.3 of the Juvenile Court Act and its purpose and policy section that says that all protections, procedural protections that are given to adults have to be given to juveniles unless you're gonna give juveniles greater protections. I think you make a compelling argument but you're four judges short. Well, judges declare statutes unconstitutional all the time and I don't think you need to go as far as perhaps you think you do. I think all you need to do is look at the broad purposes of the act. And you said- I'm looking at what you're asking us to do in your briefs and it does seem that you're asking for a lot and then at other points you're asking for a little bit less just in case you don't get a lot. I understand that there are fallback positions but it just seems to me that when you look at the real purveyment of what you want here, it's something that does not reside in our power. Well, I mean, to the extent that the Supreme Court has certainly asked for a case to be sent its way, it's gotta go, it's gotta get out there somehow. I understand you have to pass this way. Right, but I don't think that you could write it- This is the second time, though, this case is passing this way with three different appellate court judges. And in the first try, you lost with justices that are probably less conservative than us, number one. And two, it was unanimous. And number three, if anybody was gonna change it, it would have been them. But they were hung up initially on the question, did you even have jurisdiction? And I'll say maybe there's a question there. But they were hung up as well as us on whether technically you have jurisdiction until he violates, which obviously here, he's over the hump. But the point is, the two issues you raised, yes, we will address it because of those two. But realistically, they had trouble with jurisdiction, too. I'm sorry, in which decision are you referring? You're saying this is the second time? The direct appeal. The direct appeal in this case. The jurisdiction of the- As to whether you had jurisdiction to file the action. There was, the direct appeal was a regular direct appeal. It had nothing to do with the post-conviction act. That was- Right, and they questioned there even whether there was jurisdiction, that there was a meaningful issue. Well, I believe that there is, there are meaningful issues in the case. Well, I'm saying, we're at another stage, but I'm saying, even they questioned that this is the case that would be acceptable for the Supreme Court to consider. That it's really not on all fours to clearly address the issues. So that may be what you want to lay your footwork on now. Well, I think what I can lay my footwork on, and I think that you can just look, as I said, to the fact that the purpose of the post-conviction act is to assure reliability, accountability, and integrity in the process. And that there is a good reason to have those goals being protected for juveniles under the rubric of the post-conviction act in juvenile court. And I believe that not allowing juveniles to have those protections is a violation of equal protection for similarly situated adults who are in prison based upon criminal wrongdoing. Well, how do you answer the question if we allow a PC to be a system, how do we get around granting a jury trial? Well, are you talking, you're referring to... Because there is also Supreme Court case law and federal case law saying there aren't gonna be juries. I don't think you need to go that far. I think that juries refer to a method by which a case is reviewed, whereas the post-conviction act goes to the reliability of the outcome. And so whether someone has a jury trial or a bench trial does not impact how fair the proceedings are. And I don't agree with the state's interpretation, which I believe Your Honor's asking me about, of Henry Jonathan CB, that if you extend the post-conviction act to juveniles, therefore, ergo, they are convictions and everyone's entitled to it. Well, that's what Kiefer says. That's what... The federal case, the 1970 something case. That talks about post-conviction proceedings and jury trials? Well, the denial of a jury. Well, Vincent was entitled to a jury. So I guess at a minimum, if you don't wanna go so far as to extend the right of post-conviction act, the post-conviction proceedings to all juveniles, you can certainly extend them to juveniles who have a right to a jury trial and a public trial. Okay. Extended juvenile jurisdiction... Speak more on that. Well, extended juvenile jurisdiction is the only circumstance where there is a right to a public trial. And I think that the class of cases that would reach post-conviction stage would be very small because they would have to be people that were really convicted of murder. Because when someone is convicted of murder and they're not transferred to adult court under the Juvenile Court Act, there's a minimum of a five-year sentence. Vincent was in custody for six years and three months before he was released. He's still on electronic monitoring. So he's still under state constraint under People v. Carrera. And actually, because he filed his petition while he was in custody, he doesn't lose standing based upon People v. Davis, an Illinois Supreme Court case. But extended juvenile jurisdiction under 815, or I'm sorry, under 810. Habitual juvenile offender under 5815. Violent juvenile offender under 5820. Those are all radical changes of increased punishment in the juvenile system. And they all provide for incarceration until you're 21 years old. So those are the cases that are going to be the most fodder for post-conviction petitions. And I don't think that it's going to be that many. Now, I know that this case, it didn't apply to this case with respect to the timeliness of my particular appeal, and I apologize again for that. But this Court amended- Your argument, though, just sounds like good testimony in a legislative hearing to amend the Act. Well, there are- And I think that the amicus brief that was filed, to use your word, might provide more fodder for legislators to consider. But that's not our role. Well, but I don't, as Moore and Peer indicate, that's not been the history of how the Post-Conviction Act has been incorporated, interpreted, or put into effect. As a matter of fact, the way the Post-Conviction Act first existed, which was in the reply brief, which was no place else, was Rule 27A, which is a result of a United States Supreme Court case of Rutledge- Yes, in the United States Supreme Court case, which criticized the merry-go-round of proceedings that collateral-seeking, collateral relief-seeking defendants in Illinois were up against. And the state would always say, no, this is the wrong remedy, which is actually what the state is saying in this case, it's the wrong remedy. So the Supreme Court created the Post-Conviction Act as a remedy to redress that constitutional problem. And I know you're going to, you might be saying, well, the Supreme Court can do that, but your question just most recently was why the legislature's role to do that. So the court, the legislature, or the Supreme Court has not waited for the legislature to act. And it was, I quoted something also in the reply brief from People v. Lawton that you couldn't wait for the General Assembly to act because otherwise they could sit on their hands and people would be deprived of their right to address constitutional deprivations. So don't need to wait for the legislature. History of the Post-Conviction Act in particular of not waiting for the legislature. History of the Post-Conviction Act, looking at the broader purposes and the broader goals of the Post-Conviction Act and then affecting those. And that's what I think that this court should do. And I think that you could do that without rewriting the Post-Conviction Act. You could just look at, you don't need to rewrite the Post-Conviction Act, but you do need to overrule RR and AWH. RR and AWH, the last time that this matter was actually disposed of head-on, all these other cases, the William M., the AG, the JT. Thomas, I have to say, is pretty definitive in saying again that until there's a redefinition statutorily, we're not going there. And candidly, I'm not familiar with Thomas. What year is that? Is that 2011? When was it, 2011? I can't remember now. But in any event, I believe that all you need to do is overrule RR and AWH. And the seeds for overruling RR and AWH are within RR and AWH. RR and AWH were based upon Henry Beasley from 1977, saying that juvenile proceedings are very different from adult proceedings, and therefore, we're not going to extend the Post-Conviction Act to juvenile proceedings. It was not a strict statutorily construction argument that was made in RR and AWH. RR and AWH plant the seeds by saying, by citing McIver versus Pennsylvania, of perhaps someday there will come a day when it's time to overrule this based upon changed circumstances, but that time has not come yet, and we're not going to extend these protections to juveniles in light of the nature of the Juvenile Court Act. So Beasley was overruled specifically by the 1999 Juvenile Court Act by incorporating Rule 402 protections in 56052. So that overruled Beasley, and so the foundation on which Beasley rests, I mean, the foundation on which RR and AWH rest has been overruled by the 1999 Juvenile Court Act. I think the problem we have is the word conviction is found later on, and that's the biggest hurdle. It has to be a conviction, and that's what appears to be what the legislators have put in there, and it's a statutorily provided remedy to address the problems that you talked about earlier. The legislator left the Juvenile Court out of it, and there's an argument. There's a good reason for leaving juveniles out. Well, as far as the conviction goes, that was overruled, or not overruled, but it was not strictly statutorily adhered to in People v. Peer. That was- I'm going to correct myself. It was People v. Taylor, 2006, that says, no, until conviction, until the adjudication becomes a conviction in the language, we're not going for that. So that's what Taylor said, not what I said, Thomas. Okay. So, and that's a recent case. Yeah, I'm not familiar with Taylor in its discussion of the Post-Conviction Act. They said it in their brief, but they didn't use it for that purpose. Okay. I don't know that, I was not familiar with that Taylor actually addressed the Post-Conviction Act, but I will obviously have- No, it's a long opinion. It really, I was shocked. It's a long opinion, and they all agree. And it wasn't one that the state wanted them, but it still defines that. Okay. And the state didn't cite that in its brief? They cited it- For the purpose of saying that- Not for that purpose. Okay. Well, in any event, I'll certainly have to go back and look at that. But all you need to do is overrule, and I'm sorry, Justice House, getting back to your question about conviction. That kind of, those kind of semantics, I would call that kind of a semantic distinction or argument or quibble to take with applying the PC Act to juveniles. And in Jesus R., which is a fourth district case from 2002, addressing equal protections and whether they're similarly situated, Justice Knacht of the fourth district talks about how you can't, they're really, the convictions in juvenile, the convictions in adult court and the adjudications in juvenile court are really the same thing. It looks like a duck, it walks like a duck, it's a duck. They have rights to jury trials in this circumstance. They have a right to counsel. They have a right to double jeopardy, Fourth Amendment. All of the, every single constitutional protection that is in the, in the adult system is in the juvenile system. And Vincent has a jury trial right, public trial right, and a 30 year, a 30 year adult sentence. But I just, as I said, I don't think you need to rewrite the act. I think you just need to overrule R.R. and A.W.H. and the seats for that were planted within those very opinions. They acknowledge that there's nothing inconsistent about applying the Post-Conviction Act to the Juvenile Court Act. It's just a matter of policy, deferential policy as it existed in 1977. And the market changes to the Juvenile Court Act since that time create a due process necessity to extend the Post-Conviction Act to the Juvenile Court Act. Because otherwise, Vincent will not have a remedy. And if Your Honor is inclined to, and I'll wrap it up here, if Your Honor is inclined to want to remand this for 214.01 proceedings, I would ask that you do so and allow, direct the trial court to recharacterize the 214, the Post-Conviction as a 214.01, direct the appointment of counsel, and also excuse this timeliness problem. Because otherwise, Vincent's not going to be able to have a remedy. And just on a final note, it's very ironic that you would be recharacterizing a post-conviction as a 214.01 because all the jurisprudence and the fault of all has been about recharacterizing 214.01s as post-convictions. All right. All right, thank you. Ms. Spielberg. Good morning again. I'd just like to clarify two things at the beginning. First off, contrary to what Mr. Jacobs said, this court cannot overrule another appellate court decision from four. It can obviously disagree with it, find that it is improper, and have a different conclusion. But this court doesn't have the authority and the oversight of other appellate panels to rule. The Illinois Supreme Court has said that repeatedly. So just to clarify what he's actually asking you to do, he's asking you to disagree with five or six. You're reminding us of more powers we don't have? Yes, Your Honor. Yes. It's quite a list. Yes. Maybe for good reason. Second of all, in response to the invitation to add something following the reply brief, something Mr. Jacobs said I do just want to point out, his reference to Rule 27A as the beginning of the Post-Conviction Hearing Act, that's actually not correct. And I will be seeking to cite additional authority. It's essentially, it's a law review article written by Albert Jenner, who was the chair of the committee that drafted the original Post-Conviction Hearing Act in response to the quote-unquote merry-go-round of methods of review that was identified by the U.S. Supreme Court. Because in that case, in numerous cases in the 1940s, the U.S. Supreme Court recognized that Illinois review, whether it be direct appeal, which was known as a bill of error, or state habeas corpus, or writ quorum nobis 214.01, they were all particular in their procedural demands. And it was possible that criminal defendants could not seek any review of any case, whether it be direct review or collateral. And so what the U.S. Supreme Court held was that there had to be some form of review, whether direct or collateral, that allowed for people to seek review of their criminal convictions. And what the committee, it was a joint committee of the Illinois State Bar and of the CBA. They drafted rules requiring the transcription of trials, free transcripts to all who were indigent, and then also a proposed Post-Conviction Hearing Act. The Illinois Supreme Court quickly adapted the rules regarding transcription and records on appeal, but refused to adopt the Post-Conviction Hearing Act. And so as Albert Jenner explains in this article, it was immediately brought over to the legislature who adopted it in 1949 and became the Post-Conviction Hearing Act. So just to clarify that the Illinois Supreme Court from the start has always recognized that the role of the Post-Conviction Hearing Act has been a legislative question, not a judicial one. So I will be seeking to cite that musician. Yes, thank you. More directly to Mr. Jacobs' argument, I just want to clarify, in terms of the scope of Section 214.01, he cited a provision from the Juvenile Court Act, Section 2-32. That provision addresses raising Section 214.01 provisions in abuse and neglect proceedings. It doesn't apply to delinquency proceedings. And instead, there is no timing restriction on the 214.01 or special timing restrictions on 214.01 provisions in delinquency proceedings. And as he said, William M. specifically recognizes that 214.01 petitions can be raised in juvenile cases, in delinquency cases. And yes, he's right that typically there is a two-year timeframe and typically there is a restriction on the ability to bring it outside that two-year timeframe. But that is an affirmative defense to be raised by the respondent to the petition. It is not a bar. It is not a prohibition, not a jurisdictional step that has to be established, just like in post-conviction proceedings. So there was no prohibition against the petitioner in this case filing a 214.01 petition. It was a conscious choice to bring a test case before the lower court, before this court, to try and get to the Supreme Court. Moreover, William M. and Lawton can be read consistently. William M. simply says that a 214.01 is never intended to be a substitute for direct appeal. And in William M., the court was looking at whether or not a juvenile defendant, a juvenile minor respondent, who failed to file a proper post-plea motion should be prohibited from bringing forth a direct appeal. Because in the adult criminal court, if you don't file that proper post-plea motion, your case should be dismissed because you haven't satisfied the 604D condition precedent. But what William M. said is, we're not gonna go that far because the restrictions on the availability of post-conviction and other collateral remedies, you can never have a full review, a direct appeal that would exist in juvenile proceedings. And so we're not going to hold the Wilk rule, the 604D condition precedent against juvenile delinquents. But we're going to, and we're going to recognize that there are restrictions on collateral review, including post-conviction. And 214.01 traditionally has this limit. The next time the court has to look at the scope of 214.01 is the Lawton case, the next year. When they're dealing with a civil proceeding, which is very related to a criminal prosecution, it was establishing that someone was a sexually dangerous person because he committed violent sexual offenses, recognizing he had a constitutional right to the effective assistance of counsel, and he could not thereby bring a post-conviction petition because he had never been convicted of the crime as it's defined under the Post-Conviction Hearing Act. And what the Illinois Supreme Court said in Lawton is very simple and straightforward. 214.01 is a broad equitable remedy available to anyone to vindicate rights where necessary and appropriate and can't be done elsewhere. That is exactly what happens here. This juvenile delinquent could have brought these claims, the claim of ineffective assistance of counsel for failing to personally inform him that he could have made the personal decision of seeking to waive a jury trial, ineffective assistance of counsel of appellate counsel for not adequately arguing for second degree, and then constitutionality of the 30-year sentence that was imposed for the EJJ. All of those claims could have been under Lawton raised in a 214.01, but again, as I said, it was a catcher's choice not to bring that. Don't the claims raised in a 214.01 petition have to be of the statute that it deprives a court of jurisdiction, not just mere errors, but deprives a court of jurisdiction before they can be addressed? No, I don't believe so, because Lawton specifically said otherwise. They said that typically it is in that scenario. Lawton typically says that it is a factual claim that wasn't available before. Or it is a claim of a statutory invalidity in some sort. They said it at Thompson. They said it at some other cases in Lawton. But they said that's not the entire scope of it. The Illinois Supreme Court specifically said that it is a broader provision. It is intended to be a broader provision in order to provide for a remedy where another one might not be available. And that's why they addressed the claim of ineffective assistance of counsel, because that petitioner in that case could not have brought it otherwise. Because his claim of ineffectiveness was based upon the fact that the same attorney who represented him at the hearing for a sexually dangerous person was the attorney who represented him on appeal. And since he had a constitutional right to the effective assistance of counsel, the only way he could vindicate that right was through a 214.01 collateral attack. And so that's why we believe Lawton is directly on point in this scenario. In terms of Mr. Jacobs' reference to the distinctions between a post-conviction hearing act and a 214.01 and the multiple stages, I would simply direct this court's attention to people versus war. In war was the case in the Illinois Supreme Court where they exercised their supervisory authority, which as Mr. Jacobs recognized, this court doesn't have, to allow for the procedures under the Post-Conviction Hearing Act to be applied as far as they can be extended. But importantly, it then also identified three very specific procedures which are not in the Post-Conviction Hearing Act. Most importantly, for a misdemeanant to bring a post-conviction hearing act, if they were found guilty at a trial, they get six months. But if they pled guilty, they only get four months to raise it. Clearly, there's no reference to a distinction between timing of the entry of the judgment or the manner of the entry of judgment under the ordinary Post-Conviction Hearing Act. But more importantly is the third part of that last paragraph of the war decision. I ask this court to read it carefully. What it specifically provides is that after the defendant has filed his petition and after the prosecution has filed their answer, the court may dismiss the petition without ever appointing counsel and without holding an evidentiary hearing if it finds that there is no substantial basis for the claim raised in the petition. So what the court there specifically said is that you don't have the right to have an attorney in a misdemeanor post-conviction proceeding. The second stage doesn't exist in the misdemeanor post-conviction proceeding. Obviously, the court has the discretion to appoint an attorney, but it's not mandated under war under the particular post-conviction proceedings for misdemeanors. And what counsel is asking for here, he's essentially asking for a creation of a war-like procedure, while at the same time engrafting the entire process, the entire complicated process of the Post-Conviction Hearing Act onto the Juvenile Court Act. And the Juvenile Court Act, as the Illinois Supreme Court has repeatedly recognized, is intended to be distinct from the criminal courts. It is not intended to be as formalistic in its problem or as lengthy. In the Post-Conviction Hearing Act, with its 90-day time frame for only the judge to rule by himself without any input from anyone else, and a failure to rule within that 90 days automatically reverts it to the second stage, demanding the appointment of counsel, is directly contrary to what was intended in the Juvenile Court Act. And we know that, even after the 1999 amendments, we know that because the Illinois Supreme Court keeps telling us that. In In Re, Jonathan C.B., in People versus Taylor, in In Re, A.G., the court keeps saying, yes, the Juvenile Court Act is different now than what it was in the 1970s and before, but it's still not an adult criminal prosecution. It is still a juvenile proceeding. It is still not a conviction. And so the People versus Taylor case that Your Honor was pointing out to is very clear when recognizing that a juvenile adjudication is not a conviction for purposes of extended term sentencing, for purposes of prior conviction. In the Taylor case, it was whether or not it was an escape, whether or not it could satisfy an escape. And what the Illinois Supreme Court said is, no, until the legislature says it's a conviction, it's not a conviction. A couple other just points that I'd like to point to. The Larimer case that we cite in our brief very clearly identifies that, unless it's a conviction, it isn't a conviction. But more importantly, going back for the 40 years that this issue has come up, from R.R. to A.W.H. to Buchanan to Thomas, what the Illinois Supreme Court, what the Illinois appellate court has repeatedly said is that a post-conviction proceeding cannot be raised in a juvenile proceeding because it's not a conviction. That holding has been a matter of Illinois law for two generations. And what the Illinois legislature has not done, despite repeated opportunities, is change that. Counsel pointed to the fact that Beasley was overruled by the legislature in 1999. That was a conscious decision by the legislature to amend the rule to provide for 402-like admonishments, to amend the Juvenile Court Act to provide for 402-like admonishments. But the legislature didn't do the same thing here. It could have easily done it. It could have easily said Post-Conviction Hearing Act is available for juvenile defendants, for juvenile delinquents. But it didn't. In regards to the unique posture of this case being in extended juvenile jurisdiction, at this point, as the appellate court on direct review recognized, the conviction is stayed. The 30-year sentence is stayed. He does not have a conviction at this point. If, however, the respondent in this case, Vincent Kaye, were to violate that stay, and the sentence would be vacated and the sentence would be formally imposed, he would at that point have a conviction. And he could, at that point, of course, raise any claim in any post-conviction proceeding he chose to. We cite in our briefcase People v. Henderson, where this court recognized that someone who was transferred from juvenile court to adult court and was convicted in adult court could raise a challenge to the proceedings in the juvenile court at the transfer hearing. And the reason why is because the constitutional rights extended back that far. So he's not being deprived of his opportunity if a conviction is entered. Or he won't be deprived of his opportunity if a conviction is entered. But at this point, there is no conviction that's on the books. And then finally, in response to Mr. Jacobs' request for remand for 214-01, that is a very new claim and a very new request. The record here shows that this was a conscious choice to bring a post-conviction hearing act with the goal of getting this to the Illinois Supreme Court. He could have brought it to 214-01. He had extremely competent counsel, as Mr. Jacobs himself should recognize. I think that's transparent. Thank you, Your Honor. Well, with that note, I will simply ask that this Court affirm the ruling. Not that there's anything wrong with it. Thank you, Your Honor. I ask this Court affirm the ruling of the trial court dismissing the post-conviction petition in this case. Thank you. Mr. Jacobs. Thank you. I apologize if I improperly used the word overrule. You can distinguish. You can distinguish AWH. We can distinguish that. That's right. So you don't need to overrule. You can distinguish that. And I also want to thank Mr. Spalberg for clearing up what Taylor stood for. It's not addressing the post-conviction act, but just whether there's a conviction. But I think under the principles of war and peer, you don't necessarily need a conviction to file a post-conviction petition. I think that you look at the practical circumstances of being in custody after being found guilty of criminal wrongdoing and being punished, that's what gives you the standing. With respect to Taylor and its extended term for conviction purposes, I don't think addressed conviction and the post-conviction act. The state talks about the fact that post-conviction or that juvenile proceedings are less formal. But less formality has nothing to do with less reliability. And that's what the post-conviction act is trying to protect and to ensure. And just because something is less formal won't make it. Just because something's less formal doesn't mean it should be less reliable. And the 214-01 motions, which the state is suggesting, that's going to be a lot. That's going to certainly formalize the proceedings as well. So the distinction between a 214-01 versus a post-conviction from the formality standpoint, I don't really see what it is. With respect to Lawton, I think that that's probably the key thing that you need to look at is that it represents a completely changed paradigm for looking at 214-01 motions. From a strictly factual standpoint to errors of constitutional errors. And as I said, the clarity of purpose, which the state announced, where the state is arguing that Lawton represented, was not seized upon by this court in Timothy P. in 2009 and by the Illinois Supreme Court in JT in 2006. Those are two cases that discuss that there's no remedy for juveniles and that the Post-Conviction Act doesn't apply. If the state's reasoning was correct and it was so clear that Lawton overruled William M. and allows for juvenile 214-01 motions to solve this problem, those cases certainly would have done so. And also after Lawton, People v. Vincent cited in a reply brief discusses the fact that 214-01s are not this broad-based equitable mechanism. It's to resolve errors of fact and not to do equitable justice, which is what the state was arguing that 214-01 would accomplish here. I'd ask the court to reconsider AWH and RR, find the Post-Conviction Act applies, or in the alternative, and if you're going to do the 214-01, recharacterize, allow Vincent to recharacterize the 214-01, allow for appointment of counsel, and excuse the timeliness problem. Thank you. The state, do you realize you have the hearing available to respond on those couple of issues? Yes. All right. This case will be taken under advisement. A decision will be issued in due course. Enjoy the arguments. Very well argued. Thanks.